JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 3751

----------------------------------------------------------------x

VICTOR ACEVEDO,

                               Plaintiff,

        -against-

THE CITY OF NEW YORK, JOHN/JANE DOE # 1 & 2,

                              Defendants.

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED MAY 27 2014 U.S.D.C. S.D.N.Y. CASHIERS

----------------------------------------------------------------x

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of Plaintiff Victor Acevedo's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff Victor Acevedo demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Victor Acevedo ("Mr. Acevedo") is a resident of the County of Bronx, State of New York.

2014 MAY 27 PM 3:38
COMMUN
OFFICE OF CORP C...
CITY OF N.Y. LAW DE...

B. Mazyck
Service Window Clerk

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendants John/Jane Doe # 1 & 2 were supervisors, officers, employees, and/or agents of Defendant The City of New York.

11. At all times relevant herein, Defendants John/Jane Doe # 1 & 2 were acting within the scope of their employment with Defendant The City of New York.

12. At all times relevant herein, Defendants John/Jane Doe # 1 & 2 were acting under color of state law.

13. Defendants John/Jane Doe # 1 & 2 are sued in their individual and official capacities.

14. The names John/Jane Doe # 1 & 2 are fictitious, their true names being unknown to Mr. Acevedo at this time.

## STATEMENT OF FACTS

15. On December 31, 2013, Mr. Acevedo was confined in a cell at the 43rd precinct located at 900 Fteley Ave., Bronx, New York ("Subject Location").

16. After being placed in said cell, Mr. Acevedo fell asleep on the floor of the cell.

17. While asleep inside the cell, John/Jane Doe # 1 entered the cell and began striking Mr. Acevedo on the legs and feet with an object.

18. As John/Jane Doe # 1 struck Mr. Acevedo, John/Jane Doe # 2 stood outside the cell and watched.

19. John/Jane Doe # 1 then exited the cell.

20. John/Jane Doe # 1 & 2 placed an unknown arrestee into the cell with Mr. Acevedo.

21. Upon entering the cell, the unknown arrestee began striking Mr. Acevedo about his face and upper body.

22. During the attack, Mr. Acevedo attempted to protect himself from the blows.

23. This attacked lasted for a few minutes.

24. During those few minutes, John/Jane Doe # 1 & 2 stood immediately outside the cell watching and laughing as the unknown arrestee attacked Mr. Acevedo, but did nothing to stop or prevent it.

25. Finally, John/Jane Doe # 1 & 2 entered the cell and removed the unknown arrestee.

26. Thereafter, Mr. Acevedo was transported to Bronx Central Booking.

27. While at Bronx Central Booking, Mr. Acevedo saw the unknown arrestee.

28. Mr. Acevedo asked the unknown arrestee why he attacked him.

29. The unknown arrestee told Mr. Acevedo that John/Jane Doe # 1 & 2 told the unknown arrestee to attack Mr. Acevedo.

30. Mr. Acevedo suffered damage as a result of Defendants' actions. Mr. Acevedo suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, and humiliation.

## FIRST CAUSE OF ACTION
### *42 U.S.C. § 1983*

31. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants, by their conduct toward Mr. Acevedo as alleged herein, violated Mr. Acevedo's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

33. As a direct and proximate result of this unlawful conduct, Mr. Acevedo sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
### *Excessive Force*

34. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

35. The individual defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Mr. Acevedo.

36. As a direct and proximate result of this unlawful conduct, Mr. Acevedo sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
### *Assault, Battery, and Harassment*

37. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants assaulted, battered, and harassed Mr. Acevedo

39. As a result of the foregoing, Mr. Acevedo sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION
*Negligence*

40. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

41. The Defendants were under a duty to protect Mr. Acevedo from injury.

42. The Defendants breached their duty to protect Mr. Acevedo from injury.

43. Mr. Acevedo's injuries set forth herein were proximately caused by the Defendants' breach of their duty to protect Mr. Acevedo from injury.

44. As a result of the foregoing, Mr. Acevedo sustained the damages alleged herein.

## FIFTH CAUSE OF ACTION
*Intentional Infliction of Emotional Distress*

45. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

46. The Defendants' extreme and outrageous conduct was committed with the intent to cause, or the disregard of a substantial likelihood of causing, sever emotional distress.

47. Mr. Acevedo's injuries set forth herein were proximately caused by the Defendants' extreme and outrageous conduct.

48. As a result of the foregoing, Mr. Acevedo sustained the damages alleged herein.

## SIXTH CAUSE OF ACTION
*Negligent Infliction of Emotional Distress*

49. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

50. The Defendants were under a duty to protect Mr. Acevedo from injury.

51. The Defendants breached that duty, exposing Mr. Acevedo to an unreasonable risk of bodily injury, *inter alia*, being assaulted and battered while in custody.

52. This unreasonably endangered Mr. Acevedo's safety, and caused Mr. Acevedo to fear for his safety.

53. As a result of the foregoing, Mr. Acevedo sustained the damages alleged herein.

### SEVENTH CAUSE OF ACTION
*Negligent Hiring, Supervision, and Retention*

54. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

55. Defendant The City of New York knew or should have known of the individual defendants' propensity for the conduct alleged herein.

56. Despite that knowledge, Defendant The City of New York hired and retained the individual defendants as employees.

57. Defendant The City of New York failed to take any steps to protect Mr. Acevedo from the individual defendants' actions alleged herein.

58. The injuries sustained by Mr. Acevedo were the result of the negligent hiring, supervision, and/or retention of the individual defendants by Defendant The City of New York.

59. As a result of the foregoing, Mr. Acevedo sustained the damages alleged herein.

### EIGHTH CAUSE OF ACTION
*Failure to Intervene*

60. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

61. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

62. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

63. As a direct and proximate result of this unlawful conduct, Mr. Acevedo sustained the damages alleged herein.

## NINTH CAUSE OF ACTION
*Monell*

64. Mr. Acevedo repeats and realleges each and every allegation as if fully set forth herein.

65. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Acevedo.

66. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

67. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

68. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

69. These policies, practices, and customs were the moving force behind Mr. Acevedo's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Acevedo respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 24, 2014

Gregory P. Mouton, Jr., Esq.
The Law Office of Gregory P. Mouton, Jr.
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com